# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES JACKSON, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-1054 |
| v. | ) | |
| | ) | |
| | ) | Judge David S. Cercone |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| SAMUEL J. NASSAN, | ) | |
| Defendant. | ) | Doc. No. 32 |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Dismiss (Doc. No. 32) be granted with regard to Plaintiff's excessive force claim under §1983 and malicious prosecution claim under state common law, and denied as to Plaintiff's malicious prosecution claim under §1983[1].

**II.   REPORT**

    **A.    Relevant Facts**

On May 11, 2005, Defendant Samuel J. Nassan, a Pennsylvania State Police trooper, and another trooper conducted a traffic stop on Plaintiff, Charles Jackson. Plaintiff was pulled out of the car. Defendant handcuffed Plaintiff and then allegedly "crashed Plaintiff's head and face into the area over the trunk." (Am. Compl. (Doc. No. 31) ¶ 8). Plaintiff allegedly suffered injuries as a result of this conduct.

Defendant filed the first set of charges of Resisting Arrest and Following Too Closely against

---

[1] Although the Court previously dismissed Plaintiff's pro se complaint as failing to state a claim under 42 U.S.C. § 1983, the facts and causes of action set forth in that complaint were markedly different than those in the Amended Complaint, filed after plaintiff was able to retain counsel. In addition that Report and Recommendation was vacated.

Plaintiff on May 15, 2005. The charges against Plaintiff were dismissed on June 27, 2006 by the local Magisterial District Judge Susan Evashavik. Defendant then filed a second set of charges, Resisting Arrest, Disorderly Conduct and Following Too Closely, against Plaintiff on July 17, 2006. Plaintiff alleges that the Defendant filed this second set of charges in retaliation to the complaint of excessive force that the Plaintiff lodged against the Defendant. There is some confusion as to what incident the second charges refer to. Plaintiff claims these charges were for a date that Defendant fabricated, i.e., May 13, 2006 and that the incidents on this date were also fabricated. Defendant claims that the May 13, 2006 date was derived from the Fingerprint Order signed by the local magisterial district judge and the Defendant does not have anything to do with that document and its contents. Defendant contends that the error should be assigned to the judge's chambers and not to him.[2]

Regardless, on December 6, 2007, the Resisting Arrest charge was withdrawn; Common Pleas Court Judge Cheryl Allen presided over a bench trial and Plaintiff was found not guilty of Disorderly Conduct and guilty with no further penalty of Following Too Closely.

### B. Legal Standard

As the United States Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974

---

[2] There is some confusion between the Plaintiff, the Defendant and the documents provided by the Defendant as to the correct order of events, particularly in regard to the date of May 13, 2006. This date is present in the court docket as the date of some of the incidents yet the Amended Complaint and the Defendant's Brief all state that the incidents occurred on May 11, 2005. This report and recommendation uses May 11, 2005 as the date of the incidents.

(rejecting the traditional 12 (b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**C.  Legal Analysis**

**1.  Statute of Limitations**

The Third Circuit has held that in an action under 42 U.S.C. §1983, federal courts should apply the state's statute of limitations. *Sameric Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276-278, 105 S.Ct. 1938, 1947-48 (1985)). In Pennsylvania, because the state's statute of limitations for personal injury claims is two years, the statute of limitations period for §1983 claims is also two years. *See id*. (citing *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985)). The § 1983 claim accrues when the plaintiff knew or should have known of the injury upon which the action is based. *See Large v. County of Montgomery,* Civ. A. No. 08-3167, 2009 WL 130224, * 1 (3d Cir. Jan. 21, 2009) (citing *Genty v.*

3

*Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). Thus, in excessive force claims, the claim accrues at the time when the alleged use of excessive force occurred, that is, at the time of the arrest. *See id.*

Plaintiff was arrested by Defendant on May 11, 2005. Thus, Plaintiff had two years from the date of his arrest to file a complaint or else the complaint would be barred by the statute of limitations. Plaintiff filed his complaint *pro se* on July 29, 2008. The statutory period within which Plaintiff could file his complaint expired on May 11, 2007. He filed his complaint 445 days too late. Accordingly, the complaint is untimely under the Pennsylvania statute of limitations and thus should be dismissed.

**2.     Section 1983 Malicious Prosecution Claim**

To prove malicious prosecution under § 1983, the plaintiff must show that:

> (1) defendant initiated a criminal proceeding;
> (2) the criminal proceeding ended in plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir. 2003). Moreover, a proceeding related to a motor vehicle violation is considered a criminal proceeding. *See Risich v. Bensalem Twp.*, Civ. A. No. 04-5305, 2005 WL 418611, * 3 (E.D. Pa. Feb. 17, 2005).

The purpose of the favorable termination requirement, the second element, is to prevent the creation of two conflicting resolutions arising out of the same transaction in the event that a claimant succeeds in a tort action after being convicted in the underlying criminal prosecution. *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (quoting *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct.

2364 (1994)). Therefore, in malicious prosecution cases, prior criminal proceedings must be terminated in a way that espouses the innocence of the accused. *Id.* (quoting *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)). A plaintiff must then demonstrate his innocence by showing that the prior case was terminated in any of the following ways:

> (a) a discharge by a magistrate judge at a preliminary hearing, or
> (b) the refusal of a grand jury to indict, or
> (c) the formal abandonment of the proceedings by the public prosecutor, or
> (d) the quashing of an indictment or information, or
> (e) an acquittal, or
> (f) a final order in favor of the accused by a trial or appellate court.

*Id.* (quoting *Donahue*, 280 F.3d at 383).

For the purpose of a malicious prosecution charge, an acquittal on one charge cannot be separated from a conviction of another charge that arose out of the same alleged misconduct and was adjudicated in the same criminal proceeding. *Kossler*, 564 F.3d at 188 (finding that, as a matter of first impression, an acquittal for aggravated assault cannot be separated from a contemporaneous conviction of disorderly conduct that arose out of the same alleged misconduct and was adjudicated in the same criminal proceeding and thus the outcome in the prior criminal proceeding was not favorable). In other words, "the favorable termination element is not categorically satisfied whenever the plaintiff is acquitted of just one of several charges in the same proceeding." *Id*. The court of appeals concluded that "upon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged *misconduct* underlying the offenses charged." *Id.* (emphasis added).

The court of appeals in thus created a two pronged analysis: First, the court must examine the relevant criminal statutes for the charges on their face and second, the court must inquire into the underlying misconduct that the charges aimed to punish. *Id.* at 189. In *Kossler*, the plaintiff had

been charged with Aggravated Assault, Disorderly Conduct and Public Intoxication arising from an incident outside a nightclub where the plaintiff who had been drinking, got into an altercation with the defendant police officer, struck the defendant police officer on the hand and caused an injury that required medical attention. 564 F.3d at 185. The court of appeals found that the charges, while not overlapping, were aimed at punishing the same underlying misconduct, that is, the action of hitting the police officer's hand outside the nightclub on the night in question. *Id*. at 189 n.5. The court of appeals reasoned that a favorable termination only occurs when the plaintiff is found innocent of the underlying misconduct and that the plaintiff in *Kossler* was not found innocent of the underlying misconduct–striking the police officer's hand–because he was found guilty of Disorderly Conduct. *Id*. at 189 ("the judgment as a whole . . . which resolved all the charges aimed at punishing [plaintiff's] role in the altercation, did not reflect [plaintiff's] innocence on the night of the flight").

In the case at bar, Defendant argues that Plaintiff has failed to state his claim because he fails to present facts to establish a favorable outcome in the prior criminal proceeding. He argues that the guilty verdict in the Following Too Closely charge is an unfavorable outcome in the prior criminal proceeding and thus the Plaintiff has failed to establish the second element of a Malicious Prosecution claim. Plaintiff did not respond directly to this argument, but instead presented another argument in opposition to dismissal of his § 1983 claim. *See* discussion *infra* at 8-9.

Applying the reasoning in *Kossler* to the case at bar mandates a different outcome. In *Kossler*, the three charges filed against the plaintiff were all in regard to a single act of misconduct–striking the defendant police officer's hand. 564 F.2d at 188. The court refused to divorce the charges from each other and found that the conviction of Disorderly Conduct for his role in the altercation rendered the outcome of the entire criminal proceeding unfavorable. However, in the case

6

at bar, the charges are derived from two separate acts of misconduct. The summary offense of Following Too Closely is derived from the Plaintiff's conduct of driving his car too closely to the car in front of him in regard to the speed of the vehicles, the traffic and the highway conditions. *See* 75 Pa.C.S. § 3310(a). This charge sought to punish the Plaintiff's actions while driving. Plaintiff was found guilty with no further penalty for this summary offense.

The other two charges were Resisting Arrest and Disorderly Conduct. Resisting Arrest, under the Pennsylvania Criminal Code, is a misdemeanor offense that occurs when a person, with the intent of preventing a law enforcement officer from doing his job, creates a substantial risk of injury to the officer or requires the law enforcement officer to use substantial force to overcome the resistance. 18 Pa.C.S.A.§ 5104. The Resisting Arrest charge was withdrawn.

Disorderly Conduct occurs when a person:

> with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof []:
> (1) engages in fighting or threatening, or in violent of tumultuous behavior;
> (2) makes unreasonable noise
> (3) uses obscene language, or makes an obscene gesture; or
> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa.C.S.A § 5503. Plaintiff was found not guilty of Disorderly Conduct.

These two charges, Disorderly Conduct and Resisting Arrest, sought to punish Plaintiff's alleged misconduct *after* he was pulled over by Defendant for following too closely. In other words, these charges arise from Plaintiff's alleged misconduct *after* the traffic stop, not while driving. Thus, the charges do not come from the same underlying misconduct as the Following Too Closely charge. Consequently, the Following Too Closely charge can be divorced from the charges related to the

Plaintiff's conduct during the traffic stop. This reasoning is in line with the reasoning of *Kossler* based on the facts of the case at bar. Accordingly, Defendant's argument that termination was unfavorable is unavailing. Plaintiff was found not guilty of the alleged underlying misconduct that occurred during the traffic stop.

In support of his argument, Defendant cites to *Goedicke v. Girty*, Civ. A. No. 08-1422, 2009 WL 1032795, * 2 (W.D. Pa. Apr. 16, 2009) and *Marino v. Mook*, Civ. A. No. 08-1249, 2009 WL 499460, *1 (W.D. Pa. Feb. 27, 2009). However, these cases are not on point with the case at bar. In *Goedicke*, the district court held that the plaintiff had no cause of action for malicious prosecution unless and until the previous guilty plea for harassment was reversed. 2009 WL 1032795 at * 2 . Further, in *Goedicke*, it was undisputed that the previous criminal proceedings had been terminated unfavorably because the plaintiff had entered a guilty plea. *Id*. The *Marino* case deals with a man who pled *nolo contendre* to a Disorderly Conduct charge as a result of a plea bargain and then filed a malicious prosecution suit. 2009 WL 499460 at * 1. The *Marino* court found that the *nolo contendre* charge was an unfavorable termination and thus barred the malicious prosecution claim. *Id*. In addition, in both of these cases, the resolution of the previous criminal proceedings was not in dispute. In the case at bar, however, the parties dispute whether the previous criminal proceedings were terminated unfavorably. See Discussion, *infra*, at 8-9. Further, the charges filed in these two cases were all aimed at punishing the same underlying misconduct: harassing phone calls and statements. The case at bar, however, involves three charges aimed at punishing two sets of underlying misconduct: unsafe driving and the conduct after the traffic stop. Thus, the *Goedicke* and *Marino* holdings are inapposite.

Additionally, questions of fact exist as to whether the summary offense of Following Too

Closely is invalid because it was not refiled by a prosecutor within 30 days. As stated earlier, Plaintiff does not directly respond to Defendant's argument regarding unfavorable result, but instead argues that the Defendant's reinstitution of charges against Plaintiff was not authorized under the Pennsylvania Rules of Criminal Procedure. Based on Pennsylvania Rule of Criminal Procedure 544, Plaintiff contends that the Defendant did not have a statutory right to refile those charges because he did not have authorization from a Commonwealth attorney. Plaintiff further argues that the refiling of charges on July 17, 2006 was invalid because the statute of limitations for a summary offense involving a vehicle, such as a Following Too Closely charge, was 30 days and that had passed. Plaintiff then argues that because the second set of charges are not authorized, the Plaintiff has a favorable outcome in the prior criminal proceeding because he was found not guilty of any charges in the authorized charges that were dismissed by Magisterial District Judge Evashavik on June 27, 2006.

Plaintiff's arguments are based on the validity of the reinstitution of the charges. According to Pennsylvania Rules of Criminal Procedure, a police officer cannot refile charges without the authorization of a Commonwealth attorney, either implicitly through her presence at the preliminary hearing or explicitly through written authorization. Pa.R.Crim.P. 544; *Commonwealth v. Bowman*, 840 A.2d 311, 316 (Pa.Super.Ct. 2003). Moreover, charges cannot be refiled after the statute of limitations has passed. Pa.R.Crim.P. 544. However, Plaintiff's argument raises issues of fact that cannot be decided in a motion to dismiss. The Court cannot ascertain from the current record whether the refiling of the charges was time barred in light of the statute of limitations or whether there was implicit or explicit authorization from a Commonwealth attorney before Defendant Nassan refiled the charges. Thus, issues of fact exist as to the validity of the previous conviction on the

9

summary offense of Following Too Closely, which cannot be resolved in a motion to dismiss.

In conclusion, as it currently stands, Plaintiff's complaint passes the *Twombly* standard because it presents enough facts to clearly state a claim for malicious prosecution under § 1983 that is plausible on its face. He asserts facts in the amended complaint to show that Defendant Nassan initiated a criminal proceeding against him, that the criminal proceeding ended in his favor, that the criminal proceeding was initiated by the Defendant without any probable cause, that the Defendant's aim was to retaliate against the Plaintiff for filing a complaint against him and that the Plaintiff suffered a deprivation of liberty.[3] This claim should not be dismissed.

### 3. Sovereign Immunity

Pennsylvania has a comprehensive tort claims act which provides sovereign immunity for the Commonwealth, its officials and its employees. 1 Pa.C.S. § 2310. There are nine specific exceptions to sovereign immunity: "(1) vehicle liability; (2) medical/professional liability; (3) care, custody or control of personal property; (4) commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous activities; (6) care, custody and control of animals; (7) liquor store sales; (8) National guard activities; and (9) toxoids and vaccines." 42 Pa.C.S. § 8522(b); *Story v. Merchling*, 412 F.Supp.2d 509, 518 (W.D. Pa. 2006), *aff'd* 214 Fed. Appx. 161 (3d Cir. 2007). Sovereign immunity applies to intentional as well as negligent or reckless torts. *Story,* 412 F.Supp.2d at 519 (quoting *Lafrankie v. Miklin*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992)). More specifically, courts have held that claims of malicious prosecution fall within the scope of duties required for sovereign immunity to apply to state troopers. *Gregg v. Pettit*, Civ. A. No. 17-1544,

---

[3]Plaintiff may wish to seek leave of Court to file another amended complaint in order to reconcile the differing dates within the Plaintiff's Response and the Second Amended Complaint.

2009 WL 57118, * 8 (W.D. Pa. Jan. 8, 2009) (citing *Pickering v. Sacavage*, 642 A.2d 555, 560 (Pa.Commw. Ct. 1994)). Even where a plaintiff asks for monetary damages against a defendant in his individual capacities, sovereign immunity applies. *See Story*, 412 F.Supp.2d at 519 (citing *Maute v. Frank*, 657 A.2d 985, 986 (Pa.Super.Ct.1995)).

Defendant claims sovereign immunity as a defense against the malicious prosecution claim brought under state common law. Nassan argues that his alleged conduct of filing false charges falls within his "scope of duties" as a state trooper. Plaintiff argues that Defendant is not entitled to sovereign immunity because he has been sued in his individual capacity. (Pl. Resp. (Doc. No. 35) at 3.) However, Plaintiff does not cite to any case law in support of this argument, most likely because this argument is unavailing. Sovereign immunity does bar "monetary relief claims against defendants acting in their individual capacities." *See Story*, 412 F.Supp.2d at 519 (citing *Maute*, 657 A.2d at 986); *see also Carter v. Morrison*, Civ. A. No. 06-3000, 2007 WL 4233500, * 8 (E.D. Pa. Nov. 28, 2007). It is clear from the complaint that the actions taken by the Defendant were in his capacity as a state trooper and not as a private individual. In fact, Plaintiff admits as much in the Second Amended Complaint where he states that "[a]t all times that Defendant Nassan retaliated against Plaintiff by filing false charges and by testifying against Plaintiff at trial, Nassan was acting under color of state law as a State Trooper[.]"(Am. Compl.(Doc. No. 31 ) ¶ 16.) Thus, Plaintiff's common law malicious prosecution claim should be dismissed.

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that Defendant's Motion to Dismiss (Doc. No. 32) be granted with regard to Plaintiff's excessive force claim under §1983 and malicious prosecution claim under state common law, and denied as to Plaintiff's malicious

prosecution claim under §1983.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: July 10, 2009

BY THE COURT:

LISA PUPO LENIHAN
U.S. Magistrate Judge

cc: Hon. David S. Cercone
U.S. District Judge

All Counsel of Record
*Via Electronic Mail*